IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| **DONNA PEPSNY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:07-0184** |
| ) | |
| **DEBORAH HICKEY, Warden,** ) | |
| **FPC Alderson, West Virginia,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On March 22, 2007, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner states that she was convicted and sentenced in the United States District Court for the District of New Jersey, and the District Court recommended that she be incarcerated in New Jersey. (Id., p. 9.) The Bureau of Prisons [BOP], however, required her to report to FPC Alderson. (Id.) Petitioner

---

[1] On May 10, 2002, Petitioner was convicted in the United States District Court for the District of New Jersey of one count of "Conspiracy to Commit Wire Fraud" in violation of 18 U.S.C. § 371 and five counts of "Wire Fraud" in violation of 18 U.S.C. § 1343. On June 13, 2003, the District Court sentenced Petitioner to a 37 month term of imprisonment as to each count to be served concurrently, to be followed by a 3 year term of supervised release. *United States v. Pepsny*, Case No. 01-cr-00047 (D.N.J. Jun. 13, 2003). Petitioner appealed her conviction and sentence to the Third Circuit. The Third Circuit affirmed Petitioner's conspiracy conviction and revered the wire fraud convictions due to a defect in the jury charge. *United States v. Pepsny*, 108 Fed.Appx. 713 (3rd Cir. 2004). The United States did not retry Petitioner for wire fraud. On July 6, 2005, the District Court resentenced Petitioner to a 30 month term of imprisonment, to be followed by a 3 year terms of supervised release. Petitioner appealed, and the Third Circuit affirmed Petitioner's sentence on July 11, 2006. *United States v. Pepsny*, 187 Fed.Appx. 232 (3rd Cir. 2006). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 6, 2007.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

states that "[t]he prisoners housed within the Third Circuit are currently being awarded six months halfway house." (Id.) Petitioner indicates that she requested placement in a halfway house six months prior to her projected date of release to no avail and seeks "placement in community confinement for the last six months of my sentence . . .." (Id.) Petitioner argues that the BOP is improperly and "categorically limiting the amount of time an inmate may be placed in a CCC."(Id., p. 11.) Plaintiff states that "on August 18, 2004, the Bureau of Prisons proposed new regulations announcing its categorical exercise of discretion for designating inmates to community confinement when serving terms of imprisonment." (Id., pp. 10 - 11.) Plaintiff contends that "[w]hile acknowledging the Bureau of Prisons' general discretion to place an inmate at a CCC at any time, the 2005 regulations limit CCC placement to the lesser of 10 percent of a prisoners's total sentence or six months, unless special statutory circumstances apply." (Id., p. 11.) Plaintiff, therefore, argues as follows:

> [T]hese new Bureau of Prisons regulations . . . are contrary to the Bureau of Prisons' governing statute and Congressional intent. The governing statute here, 18 U.S.C. § 3621(b) lists five factors that the Bureau of Prisons must consider in making placement and transfer determinations. The 2005 regulations, which categorically limit the amount of time an inmate may be placed in a CCC do not allow the Bureau of Prisons to consider these plainly enumerated factors in full, contrary to Congress's directive as set out in 18 U.S.C. § 3621(b).

(Id.) Plaintiff asserts that "[t]he 2nd, 3rd, and 8th Circuit Courts have held the statute governing placement by the BOP of prisoners in prerelease custody did not authorize BOP regulations limiting placement in community confinement" and "ordered the BOP immediately consider the inmates for transfer to a CCC in good faith and without reference to the 2002 and 2005 policies." (Id.) Plaintiff further alleges that the 2002 and 2005 regulations violated her right to due process because the regulations "unlawfully restricted the Bureau of Prisons' great discretion in determining how my

level of custody was to be implemented." (Id.) Next, Plaintiff argues that the BOP "has an obligation under 18 U.S.C. § 36249(c) to prepare prisoners for community reentry by, inter alia, placing them in community confinement." (Id.) Plaintiff contends that "a more lengthy CCC placement would allow me sufficient time to utilize local employment, educational and vocational training services that I desperately need." (Id.) Finally, Plaintiff asserts that the 2005 regulation "created the very disparity that it claimed to be eliminating." (Id., p. 12.) Specifically, Plaintiff argues that even though "the BOP claimed that the new rules promoted Congress' goal of eliminating unwarranted disparities, . . . inmates housed in the 2nd, 3rd, and 8th Circuits are receiving more favorable treatment than inmates housed in the remaining circuits regarding community confinement." (Id.) Accordingly, Petitioner requests placement in community confinement for the last six months of her sentence.(Id., p. 9.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: January 14, 2010.

R. Clarke VanDervort
United States Magistrate Judge